UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VALERIE R. HEYS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-98

Magistrate Judge Michael J. Newman
(Consent Case)

___

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

___

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 11, 12. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 5),[1] and the record as a whole.

I.

    A.    **Procedural History**

Plaintiff filed for SSI on March 1, 2016. PageID 210-25. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, migraine headaches and irritable bowel syndrome ("IBS"). PageID 63.

___

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Stuart Adkins on January 30, 2018. PageID 75-104. The ALJ issued a written decision on June 15, 2018 finding Plaintiff not disabled. PageID 60-69. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 64-68.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 44-46. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 60-69), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff asserts a single error, alleging that the ALJ erred in weighing the opinion of her treating neurologist Mark N. Friedman, D.O.  Doc. 6 at PageID 864-67.  Dr. Friedman issued an opinion on August 15, 2017, stating that Plaintiff suffers from migraine headaches "several" times a month which last for "several" hours at a time and result in moderate pain.  PageID 541-43.  According to Dr. Friedman, Plaintiff is unable to work when suffering from a migraine headache.  PageID 542.  Dr. Friedman further opines that Plaintiff is capable of only working part-time and that she would miss approximately three days of work a month because of her migraine headaches.  PageID 541-42.

4

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  Under these regulations, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

Here, in weighing Dr. Friedman's opinion, the ALJ concluded that it could not "be given controlling weight" but was entitled to "some weight" because of Dr. Friedman's "longitudinal and treating relationship" with Plaintiff.  PageID 65.  More specifically, the ALJ stated:

> The undersigned agrees with Dr. Friedman that the claimant does probably experience "moderate" pain, nausea, and photophobia; however, the remainder of Dr. Friedman's opinion is vague to the point of uselessness.  For example, how many times per month is "several?"  How many hours are "several?"  On what criteria does Dr. Friedman base his conclusions that the claimant could not work during a headache, or that she has the capacity to work part-time, but not full-time?  Finally, this opinion is inconsistent with Dr. Friedman's own notes.  Dr. Friedman's notes indicate a functional claimant when she is taking

5

>her medication, as she was suffering only two headaches per month, and noted that her prescription was working.

PageID 65 (internal citations omitted).

In arguing that the ALJ erred by not providing Dr. Friedman's opinion more weight, Plaintiff first contends that the ALJ failed to show that Dr. Friedman's opinion is not well-supported by medically acceptable diagnostic techniques and consistent with the record as a whole. *Id*. at PageID 865. Certainly, the ALJ made no finding in this regard when specifically analyzing Dr. Friedman's opinion. PageID 65. However, any error in this regard is harmless because the ALJ otherwise met the goal of the regulation by concluding elsewhere in his opinion that "[t]here is nothing in the way of objective medical evidence (MRIs, MRAs, CT scans) that shows anything remarkable with regard to [Plaintiff's] brain and cervical spine" supporting the extent of limiting effects alleged. PageID 67; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (noting that harmless error may occur where the Commissioner has otherwise met the goal of the regulations); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471 (6th Cir. 2006) (finding harmless error when reading the ALJ's decision as a whole).

Second, Plaintiff argues that the ALJ otherwise failed to provide good reasons for the ultimate weight provided. Doc. 6 at PageID 866. In this regard, Plaintiff takes issue with the ALJ's conclusion that Dr. Friedman's opinion is too vague. *Id.* While the undersigned might disagree with the extent to which the ALJ discounted Dr. Friedman's opinion on this basis, the ALJ's finding is supported by substantial evidence and there is no question that the ALJ can appropriately rely on a physician's lack of explanation in according lesser weight to a medical source opinion. *See* 20 C.F.R. § 416.927(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion"). Accordingly, the undersigned finds no merit to Plaintiff's contention in this regard.

Finally, Plaintiff argues that the treatment note cited by the ALJ as inconsistent with Dr. Friedman's opinion is not actually inconsistent. Doc. 6 at PageID 866. While the undersigned, again, might disagree with the significance of the record cited by the ALJ, that record does state that Plaintiff's use of medication for migraine prevention and mitigation of pain "have been helpful" and further states that Plaintiff averages one or two migraines per month. PageID 829. Certainly, this particular record could reasonably be read to conflict with Dr. Friedman's opinion that Plaintiff suffers from migraine headaches "several" times a month. Accordingly, the ALJ's finding in this regard is supported by substantial evidence.

## IV.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately concluded that Plaintiff can perform a significant number of jobs in the national economy. While the undersigned may have reached a different conclusion if considering the record upon a *de novo* review, the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406. "The findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   August 4, 2020                          s/ Michael J. Newman
                                                                    Michael J. Newman
                                                                    United States Magistrate Judge